JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} The appellant, City of Shaker Heights, appeals the decision of the Shaker Heights Municipal Court, Criminal Division, which dismissed all pending criminal charges against the appellee, James M. Kissee, Jr.
 {¶ 3} The instant matter stems from a single vehicle accident which occurred on December 1, 2001. When officers arrived on the scene, they discovered the appellee lying outside his vehicle on the sidewalk. In light of his condition, the officers called for an ambulance, which transported the appellee to the hospital. At the hospital, the officers suspected that the appellee was under the influence of alcohol; therefore, Officer Catena, the responding officer, requested that the appellee submit to a blood sample being drawn for testing purposes.
 {¶ 4} The appellee consented, and the officer read the appellee the BMV-2255 form, which must be completed in order to withdraw blood. The form states: "You are now under arrest for operating a vehicle whileunder the influence of alcohol * * * you will be requested by a police officer to submit to a chemical test to determine the concentration of alcohol * * * in your blood." (Emphasis added.) Additionally, the officer completed the section of the form which is to be completed only in an OMVI arrest which states: "* * * advice prescribed by legislature (under4511.191) was shown to the person under arrest and read to him * * * in the presence of the arresting officer and one * * * employee of a * * * hospital * * * to which the person was taken for medical treatment." Further, the appellee signed the form attesting that he was under arrest and was given a copy of said form.
 {¶ 5} Thereafter, the appellee's blood was drawn and tested, and the results reflected that his blood alcohol content was less than the statutorily prohibited level. Therefore, the appellee was not formally charged with a per se offense. He was further questioned by officers, but rather than take him into custody, the police officers left him under the care of the hospital.
 {¶ 6} No further action was taken by the police until February 18, 2001, at which point he was served with two separate citations. The first citation charged him with OMVI, and the second citation charged him with speeding, failure to control, and reckless operation.
 {¶ 7} On February 25, 2002, the appellee was arraigned in the trial court. He pleaded not guilty to all charges and declined to waive his statutory right to a speedy trial. Trial was thereafter set for April 8, 2002. On March 18, 2002, 107 days after he was arrested, the appellee filed his Motion to Dismiss on speedy trial grounds. On April 5, 2002, the trial court granted the appellee's motion finding that his right to a speedy trial had been violated.
 {¶ 8} It is from the lower court's grant of appellee's Motion to Dismiss that the instant appeal now stems.
 {¶ 9} The right to a speedy trial arises when a person becomes an "accused." United States v. Marion (1971), 404 U.S. 307, 313. A person becomes accused when a prosecution is initiated against him, either through formal indictment or information or actual restraints imposed by arrest and holding to answer criminal charges * * *. Id. Under the statutory speedy trial right, it is clear that a person does not have to be incarcerated in order to be protected by that right. Id. Rather, an unincarcerated person, in order to be protected by that right, is entitled to have his speedy trial period computed "day to day" * * *. Id.
 {¶ 10} Therefore, the issue which must be determined centers around the date on which the appellee became an "accused" in order to determine when his right to a speedy trial began to run. The City contends that the appellee did not become "accused" until February 18, 2002, the day on which he was formally served with the two citations. The City asserts that the arrest on December 1, 2001, was for investigatory purposes only because there were no formal charges brought against the appellee until February 18, 2002. Therefore, the appellee's right to a speedy trial had not been violated.
 {¶ 11} R.C. 2945.71(B) mandates in relevant part as follows:
 {¶ 12} "Subject to division (D) of this section, a person against whom a charge of misdemeanor * * * is pending in a court of record, shall be brought to trial as follows: * * * (2) Within ninety days after theperson's arrest or the service of summons, if the offense charged is a misdemeanor of the first degree."
 {¶ 13} Under R.C. 2945.71(D), if multiple misdemeanor charges arising out of the same act are pending, the person shall be brought to trial on all the charges within the time period required for the highest degree of offenses charged. R.C. 2945.73(B) permits an accused to file a motion to dismiss when his statutory right to speedy trial has been violated. Under R.C. 2945.73(D), when an accused is discharged pursuant to division (B), such discharge is a bar to any further criminal proceedings against him based on the same conduct.
 {¶ 14} In reviewing the facts of the case, it is abundantly clear that the appellee became accused when he was arrested on the night of December 1, 2001. As such, December 1, 2001, is the date on which the appellee's time began to run. The facts of the appellee's encounter on the night of December 1, 2000 make clear that there was an intent to arrest by one with authority to do so when the officer confronted the appellee with the BMV-2255 form, which itself contained express language advising that the appellee was "now under arrest." Upon being advised that he was under arrest, how could the appellee not have reasonably understood this advisement to mean anything but that he was under arrest and not free to leave, particularly when he was detained to take a blood test under color of the BMV consent form?
 {¶ 15} Further, all evidence pertaining to the charges stemmed from that night in question, unlike a situation in which the police would have to further investigate in order to formally charge. Additionally, it has been held that when an officer "reads the [accused] the implied consent form which begins with `you are now under arrest for operating a motor vehicle while under the influence of alcohol * * *,' it is understood that the implied consent form not only manifests the officer's intent to arrest, it also amounts to a seizure of appellant." State v.Heldt (Aug. 10, 1990), Ottawa App. No. 89-OT-35; State v. Fields (Nov. 29, 1993), Clermont App. No. CA 93-04-025.
 {¶ 16} Simply, there was no necessity to gather further evidence or to investigate other avenues. This was a single-vehicle accident, which apparently involved the appellee consuming arguably too much alcohol on the night in question. If there did exist a reason to further investigate the accident, we cannot conclude two-and-a-half months was necessary to gather all the pertinent evidence to formally charge the appellee. Accordingly, under the facts of the instant matter, when the appellee consented to having his blood drawn and signed the BMV-2255 form (which stated he was under arrest), he became "accused" and his time began to run. Since 107 days transpired from that date, the appellee's right to a speedy trial was violated, and the motion to dismiss was properly granted. Therefore, and in light of the facts of the instant matter, we hereby affirm the lower court's decision to dismiss the charges against the appellee.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Shaker Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., CONCURS.
 MICHAEL J. CORRIGAN, J., DISSENTS WITH SEPARATE DISSENTING OPINION.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).